EMERSON v. EDGE.   (1)

CROSSETT LUMBER COMPANY v. ROLFE.   (2)

MARTINDALE v. THOMPSON.   (3)

Opinion delivered November 19, 1906.

APPEAL—DISMISSAL FOR NON-COMPLIANCE WITH RULE 9—REINSTATEMENT.—
   ° On dismissal of an appeal for noncompliance with rule 9, the case will not be reinstated upon a mere showing that appellant's counsel overlooked the setting of the case. It must be shown that the default is from a cause which would be a good excuse in courts of law or equity for the failure to perform an obligation or a duty resting upon a party, coupled with a showing of merit in the appeal.

The first case was appealed from Columbia Circuit Court; the second from Ashley Chancery Court; the third from Hempstead Chancery Court. (1) *Chas. W. Smith,* Judge; (2) *Marcus L. Hawkins,* Chancellor; (3) *Jas. D. Shaver,* Chancellor. The first two cases were affirmed, and the last case reversed in part.

### I.

*Smead & Powell* and *A. S. Killgore,* for appellant.

*Gaughan & Sifford* and *Stevens & Stevens,* for appellee.

### II.

*George & Butler* and *G. W. Norman,* for appellant.

*Robert E. Craig,* for appellee.

### III.

*D. B. Sain,* for appellant.

*Feazel & Bishop* and *W. C. Rodgers,* for appellee.

PER CURIAM. *Emerson* v. *Edge* and *Crossett Lumber Co.* v. *Rolfe* were dismissed on the regular call for failure to prosecute the appeal pursuant to rule 9. In *Martindale* v. *Thompson* there was default in preparing abstract and brief, and petition for time was filed, and appellee filed response asking for dismissal pursuant to rule 9.

In each case appellant has overlooked, or forgotten to look for, the setting of the case, and now asks a resetting and a second opportunity to prosecute the appeal. Several cases have recently been dismissed under like circumstances, and the court would of its own motion reinstate them if it reinstated these.

It has been strongly pressed that a dismissal is too severe a penalty for a failure to prosecute the appeal in time, and that the rule should not be enforced or a new penalty provided less harsh. The court infinitely prefers to dispose of every case brought here on its merits, and these would have been disposed of on their merits ere this if they had been prepared, but the question is whether the court can in justice to other litigants displace the other settings and give these cases a second setting in preference to those already set and those daily being filed? The court has found from experience that it can, on an average, dispose of fifteen cases a week, but it can not do more and give sufficient consideration to them.

The docket was set on that basis, and every case here was given a day for trial, and the calendar sent to every attorney on the court's roll and furnished to every interested party on request, and the rules of practice are printed in the calendar. But no rule

is required to make known to litigant and attorney that a case must be followed up, no matter in what court brought, and its trial day ascertained. If cases set for one week are not ready and have to be reset, they displace the other settings, and leave the court without work at the time; for instance, when these cases were called, owing to their nonpreparation and continuances granted for cause in other cases, the cases submitted were not sufficient to work the court to its full capacity.

The court purposes, when it completes the present calendar, to issue another calendar setting cases filed after this one was issued. It is apparent from this statement of the method of work that the court can not in justice to the other litigants reinstate causes or reset them unless the default is from a cause which would be a good excuse in courts of law or equity for the failure to perform an obligation or duty resting upon a party, coupled with showing of merit in the appeal. It would be idle to reinstate a cause where affirmance was inevitable. From sickness and death and other unavoidable contingencies there will always be some resetting of causes; this is inevitable from the large number of cases, and is of itself a serious hindrance but an unavoidable one; for instance, this week a case was dismissed (Remmel v. Griffin) where it is impossible to determine whether the failure in not filing the briefs was due to the clerk of this court or the attorney (the briefs were prepared and brought here), and each is perfectly honest in his statements, and each is corroborated by his office memoranda, and of course such a case must be reset as well as where sickness and death cause the failure.

In these cases now under consideration one member of the court has gone through the records and reported the issues and facts to this court. The character of the case does not change the application of the rule to it, but an application for reinstatement or continuance is addressed to the judicial discretion of the court, and the character of the case may properly be considered in exercising such discretion. While the court would not say from a cursory examination by only one judge that error had not been committed in these cases, yet it is satisfied that palpable error working grave injustice appears in none of them. A majority of the court makes this order:

In *Martindale* v. *Thompson* there is an agreement to reverse as to one party, and the judgment is affirmed as to the other, and the petitions for reinstatement in other two cases are denied.