## St. Louis & San Francisco Railroad Company *v.* State.

### Opinion delivered June 1, 1908.

Appeal—dismissal of misdemeanor case for want of brief.—As the statute (Kirby's Digest, § 2622) fixes the time when appeals in criminal cases stand for trial, a dismissal of an appeal in a misdemeanor case will not be reinstated because appellant's attorney was not notified when his case was set for trial.

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; motion to reinstate denied.

*B. R. Davidson,* for appellant.

*William F. Kirby,* Attorney General, for appellee.

Per Curiam. This was dismissed on call Monday, May 25th, the first day of the May term, and appellant's attorney, when notified of the dismissal, filed a motion for re-instatement, alleging that he had overlooked the fact that the cause was set for trial or subject to be called on the 25th of May, and had received no calendar of the court containing the style

of the case and the date that it would be called.  In an affidavit supporting the motion, the attorney states that on receipt of the calendar commencing March 2, 1908, he carefully examined the index and noted the causes that were set down in which he was interested, and, receiving no subsequent calendar, did not know that the case was to be subject to call on this date.

This court has not in its history issued a calendar containing criminal cases.  Appeals in criminal cases are made by statute to take precedence over all other business of the court, and stand for trial at the first term succeeding the lodging of the transcript in the clerk's office, except felonies, which stand for trial on the tenth day after the transcript is filed.  Kirby's Digest, §§ 2622-2624.

The calendar issued by the clerk of the court, referred to by counsel, contains setting of all the civil cases, but set no cases for Monday, May 25th, and in lieu thereof contained this notice:

"This being the first day of the May term, A. D. 1908, all criminal cases on the docket will be peremptorily called.  Under section 2624 of Kirby's Digest, all felonies stand for trial ten days after being lodged in the clerk's office."

This case was brought here by writ of error issued April 16, 1908, which was returned with the transcript and filed on April 20, 1908.  On the 25th of May, pursuant to said notice, the criminal docket was peremptorily called, and, on motion of the Attorney General, this appeal was dismissed for want of prosecution.

Moreover, the writ of error sued out by appellant and issued by the clerk of this court was returnable the first day of the next term of the Supreme Court, "which will be held on the fourth Monday of May, A. D. 1908."

Stronger reasons for refusing to re-instate this case exist than existed for the refusal to re-instate the appeals in *Emerson v. Edge,* and *Crossett Lumber Co.* v. *Rolfe,* 80 Ark. 510, because the defaults there were due to a failure to examine the calendar, or to get a calendar, to ascertain when the cases were set, while the setting of this case was fixed by law, and not dependent upon a calendar.

Motion overruled.